**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      No. CV-05-1345 WJ/WDS
                                          CR-02-2303 WJ

BRENT MARQUIZE LEE,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2255 ¶ 6(3) (CV Doc. 1; CR Doc. 21) filed December 27, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to an information charging him as a fugitive from justice in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(2), 924(a)(2). On July 8, 2003, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence. Defendant now claims that his sentence is illegal under the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). He also contends that the *Booker* decision resulted in breach of the plea agreement, and he asserts a claim of ineffective assistance of counsel at sentencing. Defendant asks to be resentenced.

Defendant's allegations of illegal sentence do not support claims for relief. The *Blakely* decision applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. The Court in

*Blakely* set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See id*., 542 U.S. at ---, 124 S. Ct. at 2538. The more recent decision in *Booker* stated that the "statutory maximum" in federal sentencing is the sentence that may be imposed under the U.S. Sentencing Guidelines based only on facts that are admitted or found by a jury beyond a reasonable doubt. *Booker*, --- U.S. at ---, ---, 125 S. Ct. at 749, 756. The Court in *Booker* also ruled the mandatory application of the United States Sentencing Guidelines is unconstitutional. *See id*., --- U.S. at --- - --, 125 S. Ct. at 756-56.

These rulings are not available to Defendant on collateral review of his criminal conviction or sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely* and *Booker* merely apply the rule previously announced in *Apprendi*, *see Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under these decisions, and the Court will dismiss these claims.

Defendant also claims that he received ineffective assistance of counsel at sentencing. He alleges his attorney failed to argue against calculation of his sentence based on facts that were neither admitted nor found by a jury beyond a reasonable doubt. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order,

but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

Defendant's allegations make no showing that his attorney's performance at sentencing was constitutionally deficient. Defendant was sentenced in 2003, and the *Blakely* and *Booker* cases were decided in 2004 and 2005. As noted by the Court of Appeals for the Tenth Circuit, failure to argue for relief that is not available at the time does not amount to constitutionally deficient representation. *See United States v. Carew*, 140 F. App'x 15, 18 (10th Cir. 2005) ("counsel's failure to predict *Booker*'s constitutional and remedial holdings is not objectively unreasonable."). "[I]t is safe to say that no one . . . could have predicted the absolute sea-change in federal sentencing that would ultimately be wrought by the Supreme Court in its *Booker* remedial holding." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J., concurring and dissenting), *quoted in Carew*, 140 F. App'x at 18. Defendant's claim of ineffective assistance of counsel, either as a substantive matter or as grounds to excuse procedural default, will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2255 ¶ 6(3) (CV Doc. 1; CR Doc. 21) filed December 27, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE